UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

UNITED STATES OF AMERICA

    - against -　　　　　　　　　　　　　　ORDER OF JUDICIAL REMOVAL

DAWIN BRITO,　　　　　　　　　　　　　　13 CR. 154 (PGG)
    a/k/a "Luis Espinal,"　　　　　　　　　　　15 CR. 749 (PGG)

    Defendant.

------------------------------------------------X

PAUL G. GARDEPHE, U.S.D.J.:

    Upon the application of the United States of America, by Kaylan E. Lasky, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of DAWIN BRITO, a/k/a "Luis Espinal," and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

    1.    The Defendant is not a citizen or national of the United States.

    2.    The Defendant is a native and a citizen of Dominican Republic.

    3.    The Defendant was admitted to the United States at New York, New York, on or about March 21, 1997, as a lawful permanent resident.

    4.    On or about January 16, 2001, the Defendant – using the name "Luis Espinal" – was convicted in New York County Supreme Court of attempted criminal possession of a controlled substance in the third degree, in violation of New York Penal Law § 110-220.16.

    5.    On or about November 13, 2013, the Defendant pled guilty in the United States

District Court, Southern District of New York, to Count One of Indictment 13 Cr. 154, charging him with conspiracy to steal government funds, in violation of Title 18, United States Code, Section 371, and to Count Two of that Indictment, which charges him with theft of Government funds, in violation of Title 18, United States Code, Sections 641 and 2.  The Defendant fled the United States on or before his sentencing date of January 30, 2014.

6. On December 8, 2022, the Defendant was extradited from the Dominican Republic and paroled into the United States at John F. Kennedy International Airport in Queens, New York, for criminal prosecution.

7. On September 13, 2023, the Defendant was sentenced on charges in 13 Cr. 154 and 15 Cr. 749.  A judgment of conviction will be entered on the following charges: Count One of Indictment 15 Cr. 749, charging the Defendant with bail jumping, in violation of Title 18, United States Code, Section 3146(a)(1) and 3146(b)(1)(A)(ii); Count One of Indictment 13 Cr. 154, which charges the Defendant with conspiracy to steal government funds, in violation of Title 18, United States Code, Section 371; and Count Two of Indictment 13 Cr. 154, which charges the Defendant with theft of Government funds, in violation of Title 18, United States Code, Sections 641 and 2.

8. The maximum term of imprisonment for the bail jumping violation is five years, pursuant to Title 18, United States Code, Sections 3146(a)(1) and 3146(b)(1)(A)(ii).

9. The maximum term of imprisonment for conspiracy to steal Government funds is five years, pursuant to Title 18, Unites States Code, Section 371.

10. The maximum term of imprisonment for theft of Government funds is ten years, pursuant to Title 18, Unites States Code, Section 641.

11. The Defendant is subject to removal from the United States pursuant to Section

212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(2)(A)(i)(I), in that he is an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; and Section 212(a)(7)(A)(i)(I) of the INA, as amended, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

12. The Defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

13. The Defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

14. The Defendant has designated the Dominican Republic as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

15. WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the Defendant shall be removed from the United States promptly upon his release from confinement, and that the Defendant be removed to the Dominican Republic.

Dated: New York, New York
September 14, 2023

_____
THE HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE